UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 23-21481-cv-WILLIAMS/REID

MARILYN JONES, et al.,

    Plaintiffs,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Celebrity Cruises, Inc., ("Celebrity") files its Answer and Affirmative Defenses to Plaintiff's Complaint.[1]

**Jurisdiction and Venue**

1. Celebrity is without knowledge as to subparagraphs (A) through (F); therefore, denied.

2. Admitted, for purposes of this litigation only, that this Court has jurisdiction and venue is proper. All else is denied.

3. Admitted, for purposes of this litigation only, that Celebrity operated the *Celebrity Equinox* on the dates alleged in the Complaint.

4. Admitted, for purposes of this litigation only, that venue is proper. All else is denied.

---

[1] All allegations not expressly admitted by Celebrity are hereby denied.

5. Admitted, for purposes of this litigation only, that venue is proper. All else is denied.

### Factual Background

6. Admitted, for purposes of this litigation only, that Celebrity operated the *Celebrity Equinox* on the dates alleged in the Complaint.

7. Denied as phrased.

8. Celebrity is without knowledge; therefore, denied.

9. Admitted that Robert L. Jones passed away on board the *Celebrity Equinox* while at sea on August 15, 2022. Celebrity is without knowledge as to the remainder; therefore, denied.

10. Denied as phrased.

11. Denied as phrased.

12. Denied as phrased.

13. Denied as phrased.

14. Denied as phrased.

15. Celebrity is without knowledge; therefore, denied.

16. Denied as phrased.

### COUNT I

Celebrity incorporates and adopts its answers to paragraphs 1 through 16 as though fully set forth here.

17. Denied as phrased.

18. Celebrity is without knowledge; therefore, denied.

19. Denied.

20. Denied as phrased.

21. Denied.

22. Denied.

23. Celebrity is without knowledge; therefore, denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied, including subparts (A) through (D).

28. Denied.

29. Denied.

30. Denied.

31. Denied as an inaccurate or incomplete statement of the law.

32. Denied, including subparts (A) through (G).

33. Denied as phrased.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied, including "wherefore" clause.

## **CELEBRITY'S AFFIRMATIVE DEFENSES**

1. This action is governed by and subject to the terms, conditions and limitations of the Guest Ticket Contract, and Celebrity adopts and incorporates by reference the same herein in their entirety.

2. Plaintiffs' emotional damages claims were neither the result of a physical injury to the passenger, nor the result of a passenger having been at actual risk of physical injury, nor were intentionally inflicted by Celebrity. Therefore, Celebrity is not liable to Plaintiffs for any consequential, incidental, exemplary, or punitive damages as stated in Paragraph 12(c) of the Guest Ticket Contract.

3. Plaintiffs fail to state a claim upon which relief can be granted.

4. Plaintiffs consented to the alleged acts and, as such, their claims against Celebrity are barred as a matter of law.

5. Celebrity did not act with willful or wanton misconduct and, thus, Celebrity cannot be liable for tortuous interference with a dead body.

6. Plaintiffs' alleged mental distress damages are typical of natural grief resulting from the death of a loved one and are not the result of Celebrity's actions or omissions.

7. Plaintiffs failed to mitigate their damages, if any, thus precluding or diminishing Plaintiffs' recovery herein to the extent such mitigation would have diminished or avoided Plaintiffs' alleged losses or injuries.

8. The incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Celebrity had no duty to protect Plaintiffs from.

9. Celebrity did not have actual or constructive notice of the alleged risk-creating condition.

CASE NO.: 23-21481-cv-KMW

10. Plaintiffs' claims are governed by general maritime law and any recoveries by Plaintiffs are therefore limited by general maritime law. In addition, Florida law may supplement to govern Plaintiffs' claims for tortuous interference with a dead body. *See generally Goodloe v. Royal Caribbean Cruises, Ltd.*, 1 F.4th 1289, 1293–98 (11th Cir. 2021).

WHEREFORE, Defendant, Celebrity Cruises, Inc., having answered Plaintiffs' Complaint, and raised affirmative defenses thereto, requests that Plaintiffs' action be dismissed with prejudice.

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: */s/ Curtis J. Mase*
    CURTIS J. MASE
    Florida Bar No. 478083
    cmase@maselaw.com
    THOMAS A. BRIGGS
    Florida Bar No. 663034
    tbriggs@maselaw.com
    JEFFREY A. CAISSE
    Florida Bar No. 1011243
    jcaisse@maselaw.com